UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS R. HOPKINS,

    Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

    Defendants.

Case No. C09-5105 RJB/KLS

ORDER TO AMEND OR SHOW CAUSE

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff Dennis R. Hopkins is presently confined at Western State Hospital (WSH). His application to proceed *in forma pauperis* is granted under separate order.

Presently before this Court for review is Mr. Hopkins' complaint in which he asserts claims against the State of Washington, Pierce County, Pierce County Superior Court Judge/County Commissioner David H. Johnson, Eric Nelson, Assistant Attorney General Jeff Planich, Jeff Vacura, and his court appointed attorney Chris Jennings. Dkt. # 1. Mr. Hopkins alleges that these defendants violated his First, Fourth, Sixth, and Eighth Amendment rights when they accepted and/or tendered false information from the Social Security Administration (SSA) regarding Mr.

ORDER - 1

Hopkins' physical disability and/or mental illness, resulting in his involuntary placement at Western State Hospital on October 13, 2008. Dkt. # 1-2, pp. 3-4.

## I. DISCUSSION

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969)); *see also Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

The Court must give a plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief." *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362)). Accordingly, while the Court finds that dismissal of Mr. Hopkins' complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the Court is issuing this order to show cause in order to give Mr. Hopkins an opportunity to file a response.

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all

ORDER - 2

doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. Of Social Servies*, 436 U.S. 658, 694 n. 58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

The Court cannot infer from the vague and conclusory statements contained in Mr. Hopkins' complaint that any of the named defendants have violated any of his constitutional rights. For example, he appears to be claiming that the prosecutor and state judge violated his First, Fourth, Sixth, and Eighth Amendment rights when they placed him or recommended his placement at Western State Hospital based on information from the Social Security Administration. Dkt. # 1-2, pp. 3-4.

Mr. Hopkins is advised, however, that prosecutors are entitled to absolute immunity from liability for damages under 42 U.S.C. § 1983. A state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution and presenting the State's case is absolutely immune from a suit brought for damages under 42 U.S.C. § 1983, *Imbler v.*

ORDER - 3

*Pachtman*, 424 U.S. 409, 424, 427 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986) (en banc), "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(quoting *Imbler*, 424 U.S. at 431). This is so even though the prosecutor has violated a plaintiff's constitutional rights, *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor acts with malicious intent, *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir.), *cert. denied*, 546 U.S. 1031, 126 S.Ct. 736, 546 U.S. 1031, 126 S.Ct. 737, 546 U.S. 1032, 126 S.Ct. 749 (2005); *Ashelman*, 793 F.2d at 1078. Absolute prosecutorial immunity is available when a prosecutor performs the traditional functions of an advocate, *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997), but only qualified immunity is available when the prosecutor performs administrative functions, or investigative functions normally performed by a police officer or detective. *Buckley v. Fitsimmons*, 509 U.S. 259, 273 (1993); *Broam*, 320 F. 3d at 1028-29. Prosecutorial immunity is a form of quasi-judicial immunity. *Imbler*, 424 U.S. at 420. The inquiry focuses on the nature of the function performed by the prosecutor and not on the identity of the actor. *Forrester v. White*, 484 U.S. 219, 229 (1988). The official seeking absolute immunity has the burden of showing that such immunity is justified for the function at issue. *Burns*, 500 U.S. at 486.

Mr. Hopkins' allegation that the prosecutor relied on the information from the SSA appears to be a matter falling within the purview of a prosecutor's function as an advocate and therefore, the prosecutor would be entitled to absolute immunity and dismissal of the claim as it relates to the prosecutor.

Mr. Hopkins is also advised that judicial officers, like Commissioner David H. Johnson named in his complaint, are immune from liability for damages under 42 U.S.C. § 1983 for acts taken within their judicial jurisdiction. *Pierce v. Ray*, 386 U.S. 547, 554-55. A judge will be subjected to liability only when he or she acts in the "clear absence of all jursidction" or when he performs an act that is not judicial in nature. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Ashelman*, 793 F.2d at 1075 (quoting

ORDER - 4

*Cleavinger v. Saxner*, 474 U.S. 193 (1985)). As with his claims against Defendant Nelson, Mr. Hopkins' claims against Defendant Johnson do not show that he was acting outside of his judicial role or jurisdiction and therefore, it appears that Defendant Johnson is immune from section 1983 liability.

Mr. Hopkins also names the State of Washington as a defendant in this matter. However, the Eleventh Amendment reads, in relevant part:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend XI. Under the Eleventh Amendment, therefore, a state is not subject to suit by its own citizens in federal court. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

In addition, Mr. Hopkins names Pierce County as a defendant in his complaint. A local government agency or municipality can be held liable under section 1983. To do so though, a plaintiff must show: (a) he was deprived of a constitutional right; (b) the local government agency has a policy; (c) the policy amounts to deliberate indifference to his constitutional rights; and (d) the policy is the moving force behind the constitutional violation. *Oviatt v. Pierce*, 954 F.2d 1470, 1474 (9th Cir. 1992). In addition, such an entity may be held liable under the above standards, if the plaintiff identifies a municipal "custom: as opposed to an actual "policy," caused the alleged injury. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). Mr. Hopkins has failed to allege any such policy or custom.

Due to the deficiencies described above, the Court finds that dismissal of Mr. Hopkins' complaint is proper. However, Mr. Hopkins will be given an opportunity to file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed **no later than April 17, 2009**. Mr. Hopkins' amended complaint shall consist of a short and plain statement showing that he is entitled to relief. Mr. Hopkins shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

ORDER - 5

(2)  the dates on which the conduct of each Defendant allegedly took place; and

(3)  the specific conduct or action Mr. Hopkins alleges is unconstitutional.

Mr. Hopkins shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Mr. Hopkins shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint" and Cause Number C09-5105RJB/KLS must be written in the caption**.

Mr. Hopkins is cautioned that if an amended complaint is not timely filed or if Mr. Hopkins fails to adequately address the issues raised herein **on or before April 17, 2009**, the Court will recommend dismissal of this action. Once the Court has determined that Mr. Hopkins has filed an acceptable amended complaint, it will notify Mr. Hopkins that he may proceed with service of his amended complaint on the named defendants.

The Clerk is directed to send Mr. Hopkins the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order, a copy of the General Order, and marshal forms to Mr. Hopkins.

Dated this  18th  day of March, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6