UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS R. HOPKINS,

                Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

                Defendants.

No. C09-5105 RJB/KLS

**REPORT AND RECOMMENDATION
NOTED FOR: June 5, 2009**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. The Court ordered Plaintiff Dennis R. Hopkins to file an amended complaint or show cause explaining why this matter should not be dismissed for failure to state a claim pursuant to 42 U.S.C. § 1983. Dkt. 5. On April 14, 2009, Plaintiff filed a "Memorandum Response" to the Order to Show Cause. Dkt. 7. For the reasons stated below, the undersigned concludes that further amendment would be futile and recommends that this action be dismissed without prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

REPORT AND RECOMMENDATION - 1

**I. BACKGROUND**

On March 19, 2009, Mr. Hopkins was granted leave to proceed *in forma pauperis* (Dkt. 4) and the Clerk filed his Complaint. Dkt. 6. On the same day, the Court ordered the Plaintiff to file an amended complaint or show cause explaining why this matter should not be dismissed for failure to state a claim pursuant to 42 U.S.C. § 1983. Dkt. 5. In his original complaint, Plaintiff asserts claims against the State of Washington, Pierce County, Pierce County Superior Court Judge/County Commissioner David H. Johnson, Eric Nelson, Assistant Attorney General Jeff Planich, Jeff Vacura, and his court appointed attorney Chris Jennings. Dkt. 6. Mr. Hopkins seeks $5,785,489,735,463.50 in compensatory damages for the "deliberate intentional invidiously illegal discriminatory animus class bias malicious/vicious false testimony, false involuntary commitment at Western State Hospital based on deliberate invidious false testimony statements deprive Plaintiff of his secured Constitutional rights and amendments." Dkt. 6, p. 5. Mr. Hopkins alleges that Defendants violated his First, Fourth, Sixth and Eighth Amendment rights when they accepted and/or tendered false information from the Social Security Administration (SSA) regarding his physical disability and/or mental illness, resulting in his involuntary placement at Western State Hospital on October 13, 2008. *Id.*, pp. 3-4. Mr. Hopkins alleges that his detention at Western State was based on "false information, false perjury statements of false testimony invidiously discriminatory animus motivated class bias deliberate intentional malicious vicious false testimony of a false mental illness against Plaintiff landmark case ruling of C03-5682RBL appealed further that Plaintiff have no present mental illness." *Id*.

The Court's review of the Complaint indicated that it failed to state a cause of action under 42 U.S.C. § 1983 because the Court could not infer from the vague and conclusory allegations contained in Mr. Hopkins' complaint that any of the named defendants violated any

REPORT AND RECOMMENDATION - 2

of his constitutional rights. Dkt. 5, p. 3. The Court advised Mr. Hopkins that prosecutors are entitled to absolute immunity from liability for damages under 42 U.S.C. § 1983 when acting within the scope of their duties in initiating and pursuing a criminal prosecution and presenting the State's case; that prosecutors are entitled to qualified immunity for damages under 42 U.S.C. § 1983 when they are performing administrative or investigative functions; that judicial officers are immune from liability for damages under 42 U.S.C. § 1983 for acts taken within their judicial jurisdiction; that the State of Washington is entitled to Eleventh Amendment immunity and is not subject to suit by its own citizens in federal court; and that in order to file suit against a local municipality such as Pierce County, he must allege that a policy of the county was the moving force behind the deprivation of his constitutional rights. *Id*., pp. 3-5.

In his Memorandum Response (Dkt. 7), Plaintiff fails to adequately address any of these deficiencies. Instead, Mr. Hopkins provided the Court with a lengthy, rambling, largely incoherent document. The Court cannot infer from the vague and conclusory statements contained in this document that any of the named defendants have violated any of Mr. Hopkins' constitutional rights. For example, Plaintiff states:

> On October 13th, 2008 at 10:35 A.M. defendant The Superior Court of State of Washington In and For Pierce County, et al., defendant David H. Johnson, et al Judge/Court Commissioner in direct collusion with defendants' Department of Assigned Counsel Attorney defendant Chris Jennings official deliberate intentional official misconduct conspired with a personal animus directed at plaintiff, when on the date noted October 13th, 2008 at 10:38 A.M. The Superior Court of State of Washington In and For Pierce County, et al., accepted invidiously discriminatory animus class motivated bias, baseless, false-charges, false information, false perjury statements false material false facts of false testimony deprived plaintiff of his fourth amendment rights.

Dkt. 7, p. 3.

REPORT AND RECOMMENDATION - 3

Plaintiff continues to assert that the Defendants conspired to deliberately misrepresent and "overrule" the "landmark" ruling in Case No. C03-5682RBL that he has "no mental illness presently." Dkt. 7, pp. 8, 14.

Plaintiff previously brought two actions challenging the Indeterminate Sentence Review Board (ISRB) decisions to hold him until his maximum release dates. (C03-5131RBL and C03-5682RBL). In the first action, C03-5151RBL, Plaintiff challenged the decision to deny parole. Plaintiff was incarcerated at the time and the action was dismissed without prejudice because he was challenging the fact or duration of his confinement and needed to proceed through habeas. In both actions, he claimed the ISRB and its members used false information in making parole decisions. The only difference between the two actions is that in the first, he challenged the decision to extend his sentence to his maximum release date and in the second, he challenged the use of allegedly false information to "judge" him. *See* Dkt. 38 in Case No. C03-5683RBL, for a summary of the claims. In the second action, Plaintiff's claims for damages against the ISRB were dismissed because they were barred by the Eleventh Amendment. *Id.*

Throughout the remainder of Plaintiff's memorandum, Plaintiff restates the broad, conclusory language found in his original Complaint, that the various defendants conspired with one another, that they based their actions on false information, statements, material and facts, and that they acted with "deliberate intentional personal animus" against him.

## II. DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809

REPORT AND RECOMMENDATION - 4

F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)). The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll*, 809 F.2d at 1448.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A plaintiff must also allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

REPORT AND RECOMMENDATION - 5

On the basis of these standards, the undersigned concludes that Mr. Hopkins' allegations fail to state a claim upon which relief can be granted and that further amendment to his complaint would be futile.

Mr. Hopkins alleges that the prosecutor, state judges and his assigned counsel violated his First, Fourth, Sixth, and Eighth Amendment rights when they conspired to place him or recommend his placement at Western State Hospital based on false information and false testimony indicating that he was suffering from a mental illness. Dkt. 6, pp. 3-4.

Mr. Hopkin was advised that prosecutors are entitled to absolute immunity from liability for damages under 42 U.S.C. § 1983. Dkt. 5, pp. 3-4. A state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution and presenting the State's case is absolutely immune from a suit brought for damages under 42 U.S.C. § 1983, *Imbler v. Pachtman*, 424 U.S. 409, 424, 427 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986) (en banc), "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(quoting *Imbler*, 424 U.S. at 431). This is so even though the prosecutor has violated a plaintiff's constitutional rights, *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor acts with malicious intent, *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir.), *cert. denied*, 546 U.S. 1031, 126 S.Ct. 736, 546 U.S. 1031, 126 S.Ct. 737, 546 U.S. 1032, 126 S.Ct. 749 (2005); *Ashelman*, 793 F.2d at 1078. Absolute prosecutorial immunity is available when a prosecutor performs the traditional functions of an advocate, *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997), but only qualified immunity is available when the prosecutor performs administrative functions, or investigative functions normally performed by a police officer or detective. *Buckley v. Fitsimmons*, 509 U.S. 259, 273 (1993); *Broam*, 320 F. 3d at 1028-29. Prosecutorial immunity is

REPORT AND RECOMMENDATION - 6

a form of quasi-judicial immunity. *Imbler*, 424 U.S. at 420. The inquiry focuses on the nature of the function performed by the prosecutor and not on the identity of the actor. *Forrester v. White*, 484 U.S. 219, 229 (1988). The official seeking absolute immunity has the burden of showing that such immunity is justified for the function at issue. *Burns*, 500 U.S. at 486.

Mr. Hopkins' allegation that the prosecutor relied on the information from the SSA appears to be a matter which falls within the purview of a prosecutor's function as an advocate and therefore, the prosecutor would be entitled to absolute immunity and dismissal of the claim as it relates to the prosecutor.

Mr. Hopkins was also advised that judicial officers, like Commissioner David H. Johnson, are immune from liability for damages under 42 U.S.C. § 1983 for acts taken within their judicial jurisdiction. Dkt. 5, pp. 5-6, citing *Pierce v. Ray*, 386 U.S. 547, 554-55. A judge will be subjected to liability only when he or she acts in the "clear absence of all jursidiction" or when he performs an act that is not judicial in nature. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Ashelman*, 793 F.2d at 1075 (quoting *Cleavinger v. Saxner*, 474 U.S. 193 (1985)). As with his claims against Defendant Nelson, Mr. Hopkins' claims against Defendant Johnson do not show that he was acting outside of his judicial role or jurisdiction and therefore, it appears that Defendant Johnson is immune from section 1983 liability.

Mr. Hopkins also names the State of Washington as a defendant in this matter. However, the Eleventh Amendment reads, in relevant part:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

REPORT AND RECOMMENDATION - 7

U.S. Const. Amend XI. Under the Eleventh Amendment, therefore, a state is not subject to suit by its own citizens in federal court. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Thus, Mr. Hopkins may not pursue a claim against the State of Washington in a Section 1983 action.

In addition, Mr. Hopkins names Pierce County as a defendant in his complaint. A local government agency or municipality can be held liable under section 1983. To do so though, a plaintiff must show: (a) he was deprived of a constitutional right; (b) the local government agency has a policy; (c) the policy amounts to deliberate indifference to his constitutional rights; and (d) the policy is the moving force behind the constitutional violation. *Oviatt v. Pierce*, 954 F.2d 1470, 1474 (9th Cir. 1992). Such an entity may be held liable under the above standards, if the plaintiff identifies a municipal "custom: as opposed to an actual "policy," caused the alleged injury. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). Mr. Hopkins has failed to allege any such policy or custom.

Mr. Hopkins was carefully instructed as to the elements of a Section 1983 action and was given ample opportunity to show cause and properly plead such an action in this Court. He has failed to do either.

### III. CONCLUSION

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983. The action should be **dismissed without prejudice, and the dismissal counted as a strike pursuant to 28 U.S.C. 1915 (g).** Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 5, 2009,** as noted in the caption.

DATED at Tacoma, Washington this  19th  day of May, 2009.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9